UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

STEPHEN F. BUZZELL, *et al.*,

                                        Plaintiffs,

v.

JP MORGAN CHASE BANK, *et al.*,

                                        Defendants.

Civil Action No. 3:13–CV–668

## MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion for Judgment on the Pleadings (ECF No. 21) by Defendant JP Morgan Chase Bank ("JP Morgan" or "Defendant"). Defendant argues, among other defenses, that the Complaint filed by Stephen F. Buzzell and Kimberly B. Buzzell ("Plaintiffs") is barred by *res judicata* or claim preclusion. For the reasons stated below, the Court will GRANT Defendant's Motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

#### A.  The Note and the Deed of Trust

On or about July 1, 2003, Plaintiff Stephen F. Buzzell took out a loan for $288,000 as evidenced by a promissory note ("Note"). Repayment of the Note was secured by the property at 180 Tabbs Choice Road, White Stone, Virginia ("Property") pursuant to a deed of trust ("Deed of Trust"), to which both Plaintiffs are parties.

The terms of the Note provides that Plaintiffs

> promise to pay $288,000.00 . . . plus interest, to the order of the Lender. The Lender is First National Bank of Arizona. . . . [Plaintiffs] understand[] that that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'

(Compl. Ex. B, ¶ 1). The Deed of Trust provides that the Note can be sold one or more times without prior notice to the Plaintiffs, which may result in a change in the entity—known as the

Loan Servicer—that collects payments due and performs other mortgage loan servicing obligations. (Compl. Ex. C, ¶ 20). The Deed of Trust provides that there might be one or more changes of the Loan Servicer unrelated to a sale of the Note. (*Id.*) Under the Deed of Trust, the Lender "may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder." (*Id.* ¶ 23). Further, "[w]ithout conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law." (*Id.*) Finally, the Deed of Trust provides that Mortgage Electronic Registration Systems, Inc. ("MERS"), is the beneficiary under this Security Instrument and that:

> [Plaintiffs] understand[] and agree[] that MERS holds only legal title to the interests granted by [Plaintiffs] in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument

(*Id.* ¶ E, at 4). At some point, the Note was transferred to Residential Funding Corporation, who then transferred the Note to Defendant. On March 29, 2008 Samuel I. White, PC ("SIW") was named Substitute Trustee of the Deed of Trust pursuant to a Substitution of Trustee document ("Substitution of Trustee"), which was endorsed by an agent of MERS. SIW then began to collect debt on the Note on behalf of Defendant. On March 31, 2010, Jeffrey Stephen, acting as Vice President of MERS, signed an affidavit ("Lost Note Affidavit") stating that the Deed of Trust was assigned from JP Morgan to MERS, and that the original document evidencing the assignment was lost, misplaced, or destroyed. (Compl. Ex. E).

### B. The Foreclosure

On September 2, 2008, SIW conducted a foreclosure sale, and a third party, the J. Carrington Burgess Revocable Trust, purchased the Property for $294,000. Subsequently, the IRS redeemed the Property from the J. Carrington Burgess Revocable Trust, as the Property was also subject to a tax lien. Following the redemption sale, the IRS gave Plaintiffs a check for $125,703.58.

### C.  Plaintiffs' Previous Lawsuit

On October 22, 2008, Plaintiffs filed suit against GMAC Mortgage, LLC ("GMAC"), Homecomings Financial ("Homecomings"), MERS, SIW, and the J. Carrington Burgess Revocable Trust in the Circuit Court of Lancaster County ("Lancaster Circuit Court"). In the complaint, Plaintiffs alleged that GMAC, Homecomings, MERS, SIW, and the J. Carrington Burgess Revocable Trust committed fraud, misrepresentation, and breach of fiduciary duty. GMAC, Homecomings, and MERS ("Lenders") filed a joint Demurrer ("Lenders' Demurrer") and SIW filed a separate demurrer. On April 15, 2010, the Lancaster Circuit Court granted the Lenders' and SIW's demurrers by letter opinion ("2010 Letter Opinion"). In granting the Lenders' Demurrer, the Lancaster Circuit Court found that no fiduciary duty existed between Plaintiffs and Lenders. The Lancaster Circuit Court also held that the Plaintiffs' fraud and misrepresentation claims failed because they could not plead fraud with particularity and could not allege a false misrepresentation. The Lancaster Circuit Court granted SIW's demurrer, but granted Plaintiffs leave to amend their complaint as to SIW only. Plaintiffs then submitted an amended complaint that was rejected by the Lancaster Circuit Court as inconsistent with its previous order. Plaintiff then filed a second amended complaint consistent with the court's order. The Lancaster Circuit Court eventually sustained SIW's demurrer with respect to all but one of Plaintiffs' claims in its second amended complaint. The Lancaster Circuit Court noted in a February 19, 2013 Letter Opinion ("2013 Letter Opinion") that "[a]s a result of sustaining Demurrers to each such Complaint all of the lender defendants (GMAC Mortgage, LLC, Homecomings Financial, and [MERS] collectively "Lender") have been dismissed from this suit." (Def.'s Mem. Supp. Mot. J. on Pleadings Ex. 14, at 1).

### D.  This Litigation

This matter was removed to this Court on September 30, 2013. The case was stayed as to Defendant Residential Funding Corporation on November 21, 2013. Defendant's instant Motion for Judgment on the Pleadings was filed on March 24, 2014. Plaintiffs' Opposition was filed on

April 14, 2014. Defendant replied on April 21, 2014. Defendant JP Morgan filed a Motion for Protective Order to Stay Pretrial Deadlines on March 28, 2014, which this Court has not yet addressed. No hearing is set and the Motion is now ripe for review. A jury trial is scheduled for May 27, 2014.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed if the motion is made early enough to not delay trial. Motions for judgment on the pleadings are evaluated under the same standard as a motion to dismiss under Rule 12(b)(6), thus, the purpose is to test the sufficiency of the complaint. *Burbach Broad. Co. v. Elkins Radio Corp.,* 278 F.3d 401, 405-06 (4th Cir. 2002); *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). Judgment should be entered for the movant when the pleadings fail to state any cognizable claim for relief and, thus, the issue can be decided as a matter of law. *O'Ryan v. Dehler Mfg. Co.,* 99 F. Supp. 2d 714, 718 (E.D. Va. 2000) (citing *Zeran v. Am. Online, Inc.,* 129 F.3d 327, 329 (4th Cir. 1997)). The Court views the alleged facts in the light most favorable to the non-moving party, *see Edwards,* 178 F.3d at 248, and the complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Under Rule 8(a)(2), these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555; *see id.* at 555 n.3. The Court may consider "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.,* 164 F. App'x. 395, 396 (4th Cir. 2006). However, if matters outside the pleadings are presented to the Court and not excluded, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

//

4

## III.    DISCUSSION

The doctrine of *res judicata* may properly be raised in a motion for judgment on the pleadings. *See Durham v. Somerset Cnty., Md.*, No. CIV.A. JKB-12-2757, 2014 WL 279683, at *2 (D. Md. Jan. 22, 2014). Because this Court is considering the preclusive effect of a Virginia state court decision, it must adhere to Virginia's legal principles concerning claim preclusion. *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires [a] federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005))). Prior to 2006, defendants in the Commonwealth of Virginia were required to establish that claim preclusion applies by establishing the "identity of the remedies sought, identity of the cause of action, identity of the parties, and identity of the quality of the persons for or against whom the claim is made." *State Water Control Bd. v. Smithfield Foods, Inc.*, 542 S.E.2d 766, 769 (Va. 2001); *see also Brooks*, 626 F.3d at 200.

Effective July 1, 2006, Rule 1:6 of the Virginia Supreme Court was enacted to clarify the elements of claim preclusion:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit. . . .

Va. Sup. Ct. R. 1:6(a). Rule 1:6 was intended to adopt a broader transactional approach to the doctrine of claim preclusion where the "identity of the remedies and identity of legal theories are not required for the application of the doctrine." *Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust*, 833 F. Supp. 2d 552, 558 (E.D. Va. 2011) (citing *Martin–Bangura v. Commonwealth Dep't of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009)). As such, "[u]nder Virginia law, to establish res judicata, the defendants must show: (1) that the prior judgment is a final and valid judgment; (2) that the parties are identical or are in privity with

each other; and (3) that the claim made in the subsequent lawsuit arises out or relates to the same occurrence, conduct, or transaction upon which the prior lawsuit was based." *Id.*

The first element is met because the 2010 Letter Opinion regarding the Lenders is a final adjudication on the merits as to those parties. While a demurrer is a decision on the merits, it does not constitute a final order for the purposes of claim preclusion without also containing dismissal language making the order final. *See Whalen v. Rutherford*, No. 3:12CV00032, 2012 WL 6473151, at *6 (W.D. Va. Dec. 13, 2012) (collecting cases differentiating between final orders for the purpose of claim preclusion and non-final orders); *Carter v. Brooks*, No. CL08–0146, 2009 WL 7310702, at *4 n.1 (Va. Cir. Ct. Jan. 20, 2009). The Lancaster Circuit Court sustained the Lenders' Demurrer, holding that "[t]he Buzzells' allegations . . . do not allege a false representation by the Lender or set forth with sufficient particularity facts putting the Lender on notice of the claim of fraud against it." (Def.'s Mem. Supp. Mot. J. on Pleadings Ex. 11, at 4). The Lancaster Circuit Court further held that "[i]t has not been shown by the allegations in the Complaint that the Lender by its actions violated any duty to the Buzzells." (*Id.*) The very same court later sustained the Lenders' demurrer to Plaintiffs' amended complaint because the allegations regarding the Lenders had been previously "struck by the Court." (Def.'s Mem. Supp. Mot. J. on Pleadings Ex. 12, at 2). While the Lancaster Circuit Court couched its dismissal in language that sounds similar to a dismissal under Federal Rule of Civil Procedure 8 for failure to adequately plead, the fact that the Lancaster Circuit Court refused to grant Plaintiffs leave to amend their complaint as to the Lenders indicates that the court meant for the 2010 Letter Opinion to be a final decision on the merits as to those parties.

The Complaint in this action states that SIW was at one point a trustee of the Deed of Trust and an agent of JP Morgan. (Compl. ¶ 17). In the 2010 Letter Opinion, the Lancaster Circuit Court held that the Buzzells failed to allege the necessary elements of constructive or actual fraud against SIW. (Def.'s Mem. Supp. Mot. J. on Pleadings Ex. 11, at 4). The Lancaster Circuit Court later stated that the Plaintiffs may have a cause of action regarding whether SIW

violated its duty to them as a Trustee in foreclosure. Afterwards, Plaintiffs filed a second amended complaint regarding SIW. The Lancaster Circuit Court subsequently sustained in part SIW's demurrer regarding the allegations in Plaintiffs' second amended complaint. (Def.'s Mem. Supp. Mot. J. on Pleadings Ex 14, at 10-11). The Lancaster Circuit Court sustained SIW's demurrer as to (1) Plaintiffs' allegation that SIW violated its fiduciary duty to the Buzzells by not being properly appointed as a substitute trustee and by failing to properly conduct the foreclosure because it lacked proper authority to do so; (2) Plaintiffs' allegation that SIW violated its fiduciary duty when its agent Karla Sickerott executed a Substitution of Trustee instrument on behalf of MERS as its employee and agent; and (3) Plaintiffs' allegation that SIW breached its fiduciary duty to the Buzzells by its failure to be fair and impartial during the sale of the Property. (*Id.*) The Lancaster Circuit Court, however, noted that a hearing must be held with respect to the allegations of a breach of fiduciary duty regarding Karla Sickerott. (*Id.* at 11). As such, Plaintiffs' claim against SIW is ongoing. However, this does not negate the defense of claim preclusion in this matter in light of the nature of the differing statuses of JP Morgan as holder of the Note and SIW as Trustee of the Deed of Trust.

The third element requiring that both claims arise from the same transaction or occurrence is also met because Plaintiffs' allegations in this second action are based on the same cause of action involved in the earlier proceeding; namely, the foreclosure of the Property.

Therefore, the only outstanding issue is whether privity is present between JP Morgan and the Lenders, thus, allowing for nonmutual claim preclusion. Both the Fourth Circuit and the Commonwealth of Virginia apply a theory of virtual representation to claim preclusion issues where privity centers on the closeness of the relationship in question. *Weinberger v. Tucker*, 510 F.3d 486, 492-93 (4th Cir. 2007); *State Water Control Bd.*, 542 S.E.2d at 769. In Virginia,

> [t]here is no single fixed definition of privity for purposes of *res judicata.* Whether privity exists is determined on a case by case examination of the relationship and interests of the parties. The touchstone of privity for purposes of *res judicata* is that a party's interest is so identical with another that representation by one party is representation of the other's legal right.

*State Water Control Bd.*, 542 S.E.2d at 769; *see also Columbia Gas Transmission, LLC*, 833 F. Supp. 2d at 558 (holding that privity is most often found among parties that share a contractual relationship, owe some kind of legal duty to each other, or have another legal relation such as co-ownership (citing *Rawlings v. Lopez*, 591 S.E.2d 691, 692 (Va. 2004))).

According to Plaintiffs, the Note was first transferred to Residential Funding Corporation and then to Defendant. (Compl. ¶ 7-8).[1] Thereafter, Homecomings and GMAC allegedly acted as agents of JP Morgan as servicer and subservicer. (*Id.* ¶ 11). Further, the Deed of Trust provides that "MERS is the beneficiary under this Security Instrument" with the right to act on the behalf of JP Morgan as Note holder and Lender. The Lancaster Circuit Court, however, addressed GMAC, Homecomings, and MERS as "Lenders" in the 2010 Letter Opinion. (Def.'s Mem. Supp. Mot. J. on Pleadings Ex. 11, at 1). Depending upon when JP Morgan became the holder of the Note, JP Morgan is either: (1) a Note holder and principal of its "agents" the Lenders in the previous action, or (2) a successor-in-interest to the prior "Lenders" by virtue of its purchase of the Property. Either way, a significant enough legal relationship is present between JP Morgan and the perceived Lenders in the previous action to warrant the invocation of protection under claim preclusion. "Typically, a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan. Thus, it will be a rare case in which those two parties are not perfectly identical with respect to successive suits arising out of the same transaction." *R.G. Fin. Corp. v. Vergara–Nunez,* 446 F.3d 178, 187 (1st Cir. 2006); *see also Jones v. First Franklin Loan Servs.*, No. 3:10-CV-360-FDW-DSC, 2011 WL 972518, at *5 (W.D.N.C. Mar. 15, 2011) (holding that a mortgage servicer and a lender were in privity for the purposes of claim preclusion). As such, this second element is met and claim preclusion applies to this action.

//

---

[1] The Complaint does not make clear exactly when JP Morgan became the holder of the Note. (*See* Compl. ¶ 7-10).

## IV.    CONCLUSION

Because the defense of claim preclusion applies, Defendant's Motion for Judgment on the Pleadings will be GRANTED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Plaintiffs.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___29th_____ day of April 2014.