IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

2014 JUN 19 P 3: 43

DISTRICT COURT
VIRGINIA

STEPHEN F. BUZZELL, et al.,
Plaintiffs,

v.                    CIVIL ACTION NO 3:13 CV-668-JRS

JP MORGAN CHASE BANK, et al.,
Defendants.

## 2ND MOTION FOR JUDICIAL NOTICE
### AND
## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT JP MORGAN CHASE BANK, AS TRUSTEE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE, MOTION FOR RELIEF FROM JUDGMENT, ORDER OR PROCEEDING TO SET ASIDE JUDGMENT, ORDER OR DECREE FOR FRAUD UPON THE COURT SO AS TO HAVE THE TRIAL OF THIS CASE TO GO FORWARD TO A JURY TRIAL OR IN THE ALTERNATIVE, A MOTION FOR SUMMARY JUDGMENT
### AND
## MOTION TO ADD TREBLE DAMAGES

Plaintiffs, Stephen F. Buzzell and Kimberly B. Buzzell, pro-se, hereby submits the

PLAINTIFF'S 2ND MOTION FOR JUDICIAL NOTICE AND PLAINTIFFS' MEMORANDUM IN

OPPOSITION TO DEFENDANT JP MORGAN CHASE BANK, AS TRUSTEE'S MEMORANDUM

IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE, MOTION FOR RELIEF

FROM JUDGMENT, ORDER OR PROCEEDING TO SET ASIDE JUDGMENT, ORDER OR

DECREE FOR FRAUD UPON THE COURT SO AS TO HAVE THE TRIAL OF THIS CASE TO

GO FORWARD TO A JURY TRIAL OR IN THE ALTERNATIVE, A MOTION FOR SUMMARY

JUDGMENT; AND MOTION TO ADD TREBLE DAMAGES. For the reasons set forth below,

Plaintiff's motions **must not be denied** and Defendants' Opposition must be dismissed.

The Plaintiff's did submit to this Court a Motion for Judicial Notice in accordance with

Federal Rules of Evidence Article II, Judicial Notice Rule 201, requesting the Court to take judicial

1

notice of certain facts and documents as evidence as to the Fraud on the Court and the Plaintiffs perpetuated by the Defendant, and their Counsel, preventing the Plaintiffs from having their day in Court to present their case on the merits for a just and fair trial, and further, unraveling the perpetuated fraud and cover-up through identity deception, nonfeasance and malfeasance by the Defendants and their Counsel, and prior State Court Defendants and their Counsel so that the judicial machinery can perform, as it should, in the usual manner of its impartial task of adjudging the Plaintiff's case that has been presented for adjudication.

The Defendant, JP Morgan Chase Bank, As Trustee and their Counsel have submitted to this Court claims that the Plaintiff's present complaint, CIVIL ACTION NO 3:13 CV-668-JRS filed on September 3, 2013, within five years of the foreclosure of September 2, 2008, should be barred by res judicata, claiming as they have in their Memorandum in Opposition filed June 10, 2014, "Plaintiffs fail to overcome the preclusive effects of the doctrine of res judicata." And further, "Plaintiffs' claims remain barred by the applicable statute of limitations."
As stated within the Memorandum Opinion by Senior U. S. District Judge, the Honorable James R. Spencer, "Because this court is considering the preclusive effect of a Virginia state court decision, it must adhere to Virginia's legal principles concerning claim preclusion. Brooks v. Arthur, 626 F.3d 194, 200 (4th cir. 2010) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, ... required [a] federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005))). It is also true that Code of Virginia 8.01-428 does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to ... set aside a judgment or decree for fraud upon the court. To establish res judicata, the defendants must show: (1) that the prior judgment is a final and valid judgment; (2) that the parties are identical or are in privity with each other; and (3) that the claim made in the

2

subsequent lawsuit arises out or relates to the same occurrence, conduct, or transaction upon which the prior lawsuit was based."

**2ND MOTION FOR JUDICIAL NOTICE**
**AND**
**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT JP MORGAN CHASE BANK, AS TRUSTEE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE, MOTION FOR RELIEF FROM JUDGMENT, ORDER OR PROCEEDING TO SET ASIDE JUDGMENT, ORDER OR DECREE FOR FRAUD UPON THE COURT SO AS TO HAVE THE TRIAL OF THIS CASE TO GO FORWARD TO A JURY TRIAL OR IN THE ALTERNATIVE, A MOTION FOR SUMMARY JUDGMENT**

1. There can be no prior judgment, that is a final and valid judgment when the State Court Complaint is an ongoing, active Complaint and continues to overrule Demurrers, even as recent as May 23, 2014, see the attached Opinion Letter dated May 23, 2014;

2. The parties can not be identical or in privity with each other. JP Morgan is the true and final Lender/Owner/Noteholder of the Plaintiffs Note and Deed of Trust. MERS, GMAC and Homecomings were never the Lenders/Owner/Noteholders" of the Plaintiffs Note and Deed of Trust, and further MERS, GMAC and Homecomings nor their Counsel acknowledged JP Morgan as the Lender/Owner/Noteholder of the Plaintiff Note and Deed of Trust nor represented JP Morgan.

3. It also can not be that the claim made in the current Federal Complaint arises out or relates to the same occurrence, conduct, or transaction upon which the prior lawsuit was based as the Complaint in the State Court is a Breach of Fiduciary against Samuel I. White, P.C. and the current Complaint against JP Morgan Case Bank is a Breach of Contract and Constructive Fraud Claim. It must further be noted here that when MERS, GMAC and Homecomings were dismissed from the Plaintiff's State Court Complaint on May 28, 2010, the Plaintiffs did not have access to information that they have since

3

obtained by release of the Accounting by the Commissioner and investigations into the Defendants.

4. A Virginia State Court Complaint was filed October 22, 2008 known as Case No. 103CL080000124-00. This Case did not include JP Morgan Chase Bank, as a Defendant and no Counsel or entity represented JP Morgan Chase Bank.

   a. The State Court Defendants and their Counsel did not represent or acknowledge JP Morgan Chase Bank, As Trustee as the Lender/Noteholder/Owner of the Note.

   b. MERS fraudulenly had represented themselves as the "present owner" and "holder of the note", the Lender according to the fraudulent Substitute Trustee document created by Samuel I. White, P.C. and fraudulently acknowledged by MERS Vice President, Karla K. Sickerott. MERS was not a Lender of the Plaintiff's Loan.

   c. GMAC and Homecomings were fraudulently acting as Servicer of the fraudulent "present owner" and "holder of the note", MERS. MERS was not a Lender of the Plaintiff's Loan.

5. On November 18, 2008, Counsel for MERS, GMAC and Homecomings filed a Demurrer. Eighteen months later, on May 28, 2010, the Honorable Harry T. Taliaferro, III dismissed MERS, GMAC, Homecomings from the Complaint on their Demurrer that had been filed on November 18, 2008. This was objected to by the Plaintiffs as noted within the Order.

6. In this Order of May 28, 2010, drawn up by Thomas R. Lynch, Esq, Washington, D.C. and Jason R. Bushby, Esq., Birmingham, AL. Counsel for GMAC, Homecomings and MERS, the Defendants, and their Counsel did perpetuate a Fraud on the Court, knowing that GMAC Mortgage, LLC, Homecomings Financial, LLC and Mortgage Electronic Registration Systems, Inc. were not "Lenders" as to the Plaintiff's loan, but did

4

fraudulently identify GMAC, Homecomings and MERS as "Lenders" stating, "(collectively, the "Lenders"), not correcting the Court's Opinion through nonfeasance.

7. The Court had sealed the Accounting records of the foreclosure from review until June 2010, after the Court had dismissed MERS, GMAC and Homecomings. The Plaintiffs had no opportunity to review the foreclosure or accounting and the Court denied the opportunity to Amend their Complaint against MERS, GMAC and Homecomings.

8. The Plaintiffs had no information as to J P Morgan Chase Bank, As Trustee as the "present owner" and "holder of the note" as MERS fraudulently claimed they were the "present owner" and "holder of the note", and fraudulently, GMAC and Homecomings were Servicers for MERS according to Samuel I. White, P.C.

9. The Complaint is on going and is currently a Breach Fiduciary with Samuel I. White, P.C. as the only remaining Defendant.

10. Upon review of the Accounting after MERS, GMAC and Homecomings had been released from the Plaintiff's Complaint in State Court, not on the merits, the Plaintiffs found that JP Morgan Chase Bank, As Trustee was noted to be the Lender/Noteholder/Owner according to the Note and Allonge and other documents in the possession of the Commissioner of Accounts, that could finally be reviewed by the Plaintiffs.

11. The Plaintiffs did not file a Reconsider as to the release of the Defendants MERS, GMAC and Homecomings, as the Plaintiffs found that JP Morgan, As Trustee was the proper party to the Deed of Trust and Note. Again, MERS, GMAC and Homecomings did not represent JP Morgan and no privity existed.

12. The Lancaster Circuit Court, in the previous April 15, 2010 Opinion, the Court clearly states within the Opinion that "The Court **does not evaluate and decide the merits of**

a claim, it only tests the sufficiency of factual allegations to determine whether the plaintiff's pleadings state a cause of action." **(emphasis added)**.

13. A current Opinion dated May 23, 2014 has been issued by the Honorable Harry T. Taliaferro, III, (See Exhibit 23 Attached), overruling the Demurrers previously made as the Court is continually considering factual allegations in this ongoing case as it is active. This Opinion is attached and it should be noted that the State Court, even to this day is overruling Demurrers as to the State Court action, therefore, no rulings by the State Court are final until the Case has been concluded, all rulings while the case remains an active case in State Court are subject to change. To conclude that any ruling is final when the case is an open case in State Court would be unfair and unjust when even as late as last month, the State Court is overruling Demurrers previously made.

14. Of course the Plaintiffs can collaterally attack the State Court, alleged final judgment as to the identity of the Defendants, MERS, GMAC, Homecomings as dismissed parties as we all know that MERS, GMAC, Homecomings were not Lenders according to the facts within the **Judicial Notice** and evidence substantiating such facts. Further, the Defendant referred to McLane v. Vereen, 278 Va. 65, 71-72, 677 S.E.2d 294, 298 (2009) (A final judgment "is conclusive and is not subject to collateral attack except on jurisdictional grounds or **for fraud** or collutions:) **(emphasis added)**, claiming that we the Plaintiffs can not attempt to collaterally attack the fact that the State Courts incorrectly concluded, due to continued, perpetuated, fraud on the court and the Plaintiffs, whereby the Defendants of the State Court action as well as their Counsel, did allow the Judge of the State Court to believe that MERS, GMAC and Homecomings were the Lenders, when MERS, GMAC/Homecomings and JP Morgan and their Counsels, as well as we all know, MERS, GMAC and Homecomings, none of which were the Lenders. It is clear that

6

the State Court misconstrued and was fraudulently mislead through identity deception and nonfeasance by the Defendants and Counsel in that Complaint as well as was used by JP Morgan and their Counsel in this Current Complaint, as stated within the previous Motion filed May 27, 2014. Just as the State Court action by the Defendants, a perpetuated fraud continues to prevail as to the identity of the parties of the Deed of Trust and Note so as to confuse the Court as to their identities to avoid liability as well as to hinder the Plaintiffs from having access to Court, extrensic fraud.

    a. In the State Court, knowing that MERS, GMAC and Homecomings were not "Lenders", MERS, GMAC and Homecomings and their Counsel did prepare the Order which stated, ""Lenders'" Demurrer to Plaintiffs' Bill of Complaint", and not only preparing the Order with the fraudulent statement that incorrectly referred to MERS, GMAC and Homecomings as the "Lender", but further did not correct the Court for their incorrectly concluding that MERS, GMAC and Homecomings were the "Lenders", when they were not. This is nonfeasance by not correcting the Court in the wrong conclusion of facts as to the their identity.

    b. In the Federal Court, knowing that MERS, GMAC and Homecomings were not "Lenders", JP Morgan and Counsel, in knowing that the State Court had made an incorrect conclusion as to the identity of MERS, GMAC and Homecomings, used this incorrect conclusion, knowing that MERS, GMAC and Homecomings were not the "Lender", and continued to perpetuate a fraud on the Court and the Plaintiffs so to have the Plaintiff Complaint dismissed in Federal Court under res judicata, claiming that the "Lenders" were dismissed from the State Court action, knowing that MERS, GMAC and Homecomings, none of which were the "Lenders". JP Morgan, knows who they are and knows that they were the last

Lender/Owner/Noteholder, but even to this day, continues to commit fraud through identity deception. Actually, this filed Motion on June 10, 2014 is the first instance whereby JP Morgan actually confirms that they truly were the final noteholder, entitled to the payments under the Note.

   c.  Again, privity can not exist between JP Morgan and MERS, GMAC and Homecomings as MERS, GMAC and Homecomings, nor their Counsel were representing JP Morgan as the Lender, but in fact were committing a fraud - MERS claiming to be the Lender/Owner/Holder of the Note and GMAC and Homecomings were claiming to be Servicers for MERS. Further, there was no way for the Plaintiffs to have known JP Morgan was the "present owner" and "holder of the note" when MERS was claiming to be the Lender/Owner/Noteholder.

   d.  In fact, JP Morgan being the Owner/Noteholder/Lender and Investor of the Plaintiffs Note and Deed of Trust and MERS also claiming in the Substitute Trustee and Lost Assignment Affidavit to the the Owner/Noteholder/Lender and Investor of the Plaintiffs Note and Deed of Trust is in direct conflict. Each was representing themselves as the Owner/Noteholder/Lender when it was only JP Morgan, not MERS. This is identity deception and fraud!

15. As to the Fraud on the Court, the Defendants have committed Extrinsic fraud which is a "fraud that ... deprives a person of the opportunity to be heard." The theory behind why the court may grant relief for extrinsic fraud is that such fraud prevents a party from fully exhibiting and trying his or her case, and consequently there was never a real contest before the court. Stated another way, the fraud may be extrinsic if the defrauded party did not have access to the disputed information and did not have knowledge of the

inaccuracies at the time of trial. http://www.charlestonlaw.net/attorneys-in-charleston/.

Further, and more importantly, Virginia Code Section 8.01-428(D) provides that an order entered by a court may be "set aside" if that court's ruling was based on "fraud upon the court". Please see the previous Judicial Notice and Motions filed May 27, 2014 by the Plaintiffs so as not to reiterate what has already been states and not contested.

16. The Defendants and their Counsel claim that "MERS Had Clear Authority to Substitute the Trustee Under the Deed of Trust", and even further claim "Plaintiffs Do Not Have Standing to Challenge the Appointment of Substitute Trustee", not addressing the facts within the Judicial Notice submitted to the Court.

   a. MERS had no authority to substitute the trustee as MERS was never the "present owner" or "holder of the note" and had no authority to act in that disposition, and certainly could not have authority to substitute the trustee as they certainly were not a party of the Note or Deed of Trust as a "present owner" or "holder of the note" or Lender with the right to substitute the trustee.

   b. Defendant distorts the Plaintiff's Complaint in 3. E. pg. 14, as if the Deed of Trust as Exhibit C shows that MERS had been given "authority to take any action".

      i. MERS in the fraudulent Substitute Trustee, Plaintiff's Complaint Exhibit D, claims to be the "present owner" and "holder of the note", when they were not the "present owner" or "holder of the note".

      ii. MERS in the Substitute Trustee fraudulently has their Vice President, Karla K. Sickerlott, attest to the fraudulent Substitute Trustee, whereby MERS fraudulently claims to be the "present owner" and "holder of the note", when they were not the owner or holder of the note.

iii.    MERS in the fraudulent Lost Assignment Affidavit, Plaintiff's Complaint Exhibit E, fraudulently claims to be the "holder of a certain Deed of Trust Note", when they were not the "holder of ...[the] Note".

iv.    MERS in the fraudulent Lost Assignment Affidavit has their Vice President, Jeffrey Stephan, fraudulently attest to the Lost Assignment Affidavit, whereby MERS fraudulently claims to be the "holder of ...[the] Note", when they were not the owner or holder of the note.

v.    As MERS claiming fraudulently to be the "present owner" and "holder of the note", had no authority to substitute the Trustee according to paragraph 24 of the Deed of Trust, Plaintiff's Complaint Exhibit C, as only the lender may substitute the Trustee.

vi.    MERS was not a party to the Note or Deed of Trust as a Lender/Owner/Holder of the Note and could not act at all. MERS committed fraud.

vii.    MERS did not have any authority to Substitute the Trustee under the Deed of Trust as MERS was not the "owner" or "holder of the note", and MERS was given no ownership of the note, entitled to receive payments under the note.

c.    JP Morgan and their Counsel, misrepresent the law and the facts, using Pham, 856 F. Supp. 2d at 810, when in that case, MERS had not claimed to be the "owner of the note" or "holder of the note", entitled to receive payment under the note, but was the nominal beneficiary, and as the Court in *Pham,* stated, "MERS and Wittstadt are merely agents of the real party at interest here, *i.e.,* the noteholder. A nominal beneficiary and a substitute trustee under a deed of trust

act at the noteholder's direction". In the Plaintiff's Complaint, MERS, was not the nominal beneficiary acting at the "noteholder's direction", as they referred to themselves fraudulently as the "owner of the note" and "holder of the note" when in fact they were not the "owner of the note" or "holder of the note", and was never entitled to receive payment under the note, and further was not a party to the Deed of Trust as a Lender/Owner/Investor/Holder of the Note, and was not ever a party to the Plaintiff's Note, and certainly, MERS could not substitute the Trustee, grant or convey to the Trustee, in trust, with power of sale, the Plaintiff's property as MERS was not a Lender/Owner/Investor/Holder of the Note of the Plaintiff's. MERS acted fraudulently claiming to be "owner of the note" and "holder of the note", Pham, 856 F. Supp. 2d at 810, can not be used as precedent in the present Complaint.

d.  As far as Plaintiff's having standing to challenge the appointment of the substitute trustee, and further the Deed of Trust,  the Plaintiffs were most certainly parties to the Deed of Trust as the Trustors, as the Deed of Trust is a three party contract between the Trustor, Trustee and the Lender, being of course the original lender, and subsequent lenders, "owners of the note", defined within the Note as, "anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder." MERS wasn't even a party to the Deed of Trust and Note, as Lender to have even named a substitute trustee. Further, within the Deed of Trust, specifically ¶ 24. the contract states that the "Lender ...may remove Trustee and appoint a successor trustee", not just any entity that refers to themselves as a Lender, but it must be the true Lender, owner of the note, entitled to receive payments under the Note.  Certainly, as parties to the

Deed of Trust, if an entity, such as MERS, suddenly refers to themselves as the Lender, owner of the borrowers Note when they are not, and further, suddenly creates a Substitute Trustee document, referring to themselves as the "present owner of the note" and "holder of the note", when they are not, further fraudulently substituting a fraudulent Trustee, without authority, whereby the fraudulent Trustee claims that the borrower did covenant and agree under the Deed of Trust and Note, to grant and convey to them, in trust, with power of sale, of their property and further even actually converting the property to a purchaser at a foreclosure without having the authority to do so, the borrowers, Trustors according to the Deed of Trust and Note, have the right to sue to assert their legal rights and interest against the "fraudsters" and anyone claiming an interest as a party to the Deed of Trust, and Substitute Trustee. Virginia UPL Opinion 198, Virginia State Bar, An Agency of the Supreme Court of Virginia, Committee Opinion January 22, 2001, Approved by the Virginia Supreme Court October 1, 2001, Updated August 28, 2006, (See the Attached Exhibit 24 Virginia Opinion 198), "The trustee is a party to the instrument. 13A Mich. Jur. Mortgages and Deeds of Trust § 6 (1991). And yet, even more so, the Trustee could not have been substituted by an entity claiming to be the "owner of the note" and "holder of the note", when they in fact were not. This is fraud!

18. It is a fact that it was not until June 2010 that the Judge of the State Court Case, opened the Commissioner of Accounts records for the Plaintiffs to review. Plaintiffs were able to review the Commissioner of Accounts records to see the Note with Allonge which indicated that JP Morgan Chase Bank, As Trustee was the last Noteholder on the Allonge and the letters from the Commissioner of Accounts, disapproving the foreclosure as well

as the fraudulent Lost Assignment Affidavit. The Commissioner of Accounts had not assertained the Lender/Owner/Holder and Agents and their identity as to the foreclosure as late as March 17, 2010 and even then had been deceived on April 13, 2010 by the Defendants submitting a fraudulent document claiming MERS was the holder of the Plaintiff's Note.

19. It is a fact that even until this date, within the State Court, the Foreclosure of September 2, 2008 has not been approved and remains an open Case as No. CL12000114-00, See the Exceptions and Objections attached to the Judicial Notice filed May 27, 2014 as Plaintiff's Exhibit 15.

20. The Defendant claims that the Constructive Fraud Claim is barred by the 2 year Statute of Limitations. **The Plaintiffs first found that MERS was not the Lender/Owner/Holder of their Note on October 20, 2011,** less than two years prior to the filing of the immediate claim for Constructive Fraud. After years of investigations, the Plaintiffs received their first acknowledgement of the truth that "MERS was never the lender/owner/investor of [the Plaintiff's loan]", see the Judicial Notice filed May 27, 2014 as ¶ 9 and Exhibit 6, as the Defendants did continue to perpetuate a Fraud on the Courts and the Plaintiffs as to the identity of the Lender/Owner/Investor of the Plaintiff's loan, hindering the Plaintiff's Constitutional rights, both Federal and State, to have their claims heard on the merits and a trial by jury as to the Defendant's breaches as to the Deed of Trust, fraudulent conversion of the Plaintiff's home to the purchaser at the Wrongful Foreclosure on September 2, 2008, and Constructive Fraud claims. **Therefore, the Constructive Fraud Claim can not be barred by the statute of limitations.**

21. Constructive Fraud was plead with sufficient specificity, identifying the fraud, with what documents, the dates, how the Plaintiffs were injured, etc. To continued to address this

on paper is not correct, we must have the opportunity to prove Constructive Fraud as we did loose not only our home, but Stephen Buzzell had a stroke and we both have suffered for the past years since the foreclosure, now having emotional troubles, high blood pressure, children have suffered, our family has been through a horrible ordeal and this perpetuated constructive fraud is an abomination. Even the OCC has found that JP Morgan is causing havoc among citizens. This is all clearly FRAUD and can not be denied.

22. It is a fact that, after years of investigation, it was not until April 22nd, 2014 that the Plaintiffs had confirmation that JP Morgan Chase Bank, As Trustee was the "Investor" of the Plaintiff's Note and Deed of Trust and further was the affirmed last Noteholder/Owner, entitled to receive payment under the Note, see the Judicial Notice filed May 27, 2014 as ¶ 1 d. and ¶ 1 e. and Exhibit 3). It was officially confirmed by JP Morgan and their Counsel in the filing of their Current Motion filed June 10, 2014 that JP Morgan, as they state, "Plaintiffs were clearly aware of JP Morgan's status as a noteholder". They do make a mistake in believing that the Plaintiffs always knew their status, just as Judge Spencer was confused after the Defendants continued with their perpetuated fraud as to their identity and if and when they were the Noteholders in the pleadings submitted to the Federal Court to have the Plaintiff's case dismissed...but as the Defendants claim that the Plaintiffs knew of the fact that JP Morgan was the noteholder, they use the Amended Complaint filed in the Lancaster County Circuit Court in February 2011, whereby it was only stated that Residential Funding Corporation endorsed the original Note to JP Morgan via an undated endorsement on the Allonge to the Note. This can not be the point at which time the Plaintiffs knew that JP Morgan was the noteholder as JP Morgan, MERS, GMAC, Homecomings and White all were conspiring to commit fraud on the court and

the Plaintiffs, perpetuating a fraud through identity deception and nonfeasance, avoiding liability and creating confusion as to the identity of the parties and their role as to the foreclosure, this being a fraud on the Court to hinder Plaintiffs access to Court.

23. Without trial or evidence presented, the Judge did dismiss GMAC Mortgage, L.L.C., Homecomings Financial, LLC and Mortgage Electronic Registration Systems, Inc. from the State Court Case No. 103CL08000124-00 on Demurrer, with objections by the Plaintiffs as noted on the Order signed May 28, 2010 attached to the Judicial Notice filed May 27, 2014 as Plaintiff's Exhibit 19.

24. For the Defendants to claim that all conditions precedent were satisfied prior to foreclosure and misconstruing the facts of the Complaint, this is just wrong. We ask the Court to consider the Complaint and the subsequent Judicial Notice as to the conditions that were not met. Lack of Notice of any cure amount; payoff amount; advertising was not according to the Notice of Sale; etc. We have attached these documents and facts along with the Complaint and Judicial Notice. We don't know where the Defendants are coming up with address as a claim in our Complaint, it was that JP Morgan nor any Agent mailed a notice with the amount to pay to cure the default, payoff amount, creditor information, just like what is also necessary in the FDCPA. The Plaintiffs would need written notice as to how much to pay to cure any default or payoff the Note. JP Morgan, nor there Agents gave to the Plaintiffs the required amount to cure the alleged default or the payoff amount.

25. As noted within the Judicial Notice filed May 27, 2014:

    a. Samuel I. White, P.C., GMAC Mortgage/Homecomings and MERS all conspired together, fraudulently perpetuating a fraud claiming that MERS was the "present owner" and "holder of the note" (See the Substitute Trustee and Lost Assignment

Affidavit attached to the Judicial Notice filed May 27, 2014 as Plaintiff's Exhibit 9 and Exhibit 5-A respectfully).

    a.   As to the "direct and proximate result of JP Morgan...Owner and Holder of the Note, and or their Agent's breaches of the Deed of Trust and Note, and laws governing the same..." whereby, "the Buzzells incurred damages, such damages being the effective total loss of all of their equity interest in their Property, among other damages. The equity interest lost by the Buzzells due to the breaches is believed to be as much as \$789,060.14" (See the Complaint, ¶ 46).

    b.   as to the fact that, "JP Morgan, ... [is] liable for their own actions as well as the actions of their Agents and or Subagents for the constructive fraud enumerated within this complaint..."

26. JP Morgan claims within the <u>Defendant's Reply in Support of its Motion for Judgment on the Pleadings,</u> dated April 21, 2014, in ll. C., page 8, that JP Morgan is not a party to the Substitute Trustee document stating, "JP Morgan was not a Party to the Appointment" - this is as to the appointment of the Substitute Trustee, of Samuel I. White, P.C., through the <u>Substitution of Trustee</u> document, (see Exhibit 9 of the first <u>Motion for Judicial Notice,</u> inter alia, filed with the United States District Court on May 27, 2014).

    a.   If JP Morgan, as "present owner" and "holder of the note", was not a party to the Substitute Trustee, then it is a fact that the Substitute Trustee is invalid and Samuel I. White, P.C. had no authority to foreclose on the Plaintiffs property and the foreclosure is void ab initio. Further placing liaibility on JP Morgan for all the losses incurred by the foreclosure.

b.  MERS, within the Substitute Trustee fraudulently claimed to be the "present owner" and "holder of the note", when in fact they were not. MERS even had their Vice President, Karla Sickerott, substantiate and acknowledge that MERS was the "present owner" and "holder of the note". Even submitted to the Commissioner of Account, was a fraudulent Lost Assignment Affidavit, claiming that MERS was the "noteholder", MERS even had their Vice President, Jeffrey Stephan, substantiate and acknowledge that MERS was the "noteholder". Therefore, either way, the Substitute Trustee is invalid and the foreclosure is void ab initio and the liability as to the Plaintiffs losses is borne by the Defendant, JP Morgan Chase Bank, As Trustee, Lender, Noteholder, Owner with a contract which they breached, through their own conduct or the conduct of their Agents.

c.  As far as the Defendants claiming that the Plaintiffs can not establish damages for their claims, this is not true as within the complaint it was outlined as to the appraisal which indicated the property lost value at the time of the foreclosure to be $985,000.00 by Glen W. Kirby, Bay Shore Appraisals, Inc **(See the attached Appraisal as Exhibit 23)**; the property was listed for $1,150,000.00 by a Real Estate Brokerage Firm at the time of foreclosure; the Real Estate Tax Assessment indicated the assessed value at $749,800.00 and this did not take into consideration certain improvements that had been made on the property; the equity alone is substantiated to be approximately $850,291.14. This must also include prejudgment and postjudgment interest from September 2, 2008, costs and attorney fees where applicable.

d.  As to the Constructive Fraud, Plaintiffs claim that further damages have been incurred such as loss of their property, mental and physical anguish, and financial

losses which shall be proven in Court, including punitive damages of
$350,000.00.

    e.   The Defendant suggested that multiple liens were on the property, when there
were only two liens on the property - the first lien being the foreclosure of the Note
whereby JP Morgan Chase Bank, As Trustee was the Noteholder, foreclosing in
the amount of $290,708.86 according to the Note stamp by Samuel I. White, P.C.;
and the second was a lien by the IRS for Tax Period Ending 12/31/2006 that was
found to be invalid as the IRS found that we had a $352,120.00 credit to utilize as
to our tax return (See the IRS Letter as Exhibit 26, as to the Tax Period December
31, 2006 indicating the the Plaintiffs had a credit of $352,120.00 due from the IRS
- no monies had been owed to the IRS).

    f.   The Defendant continues to bring up an IRS Redemption and subsequent IRS
Auction. The Plaintiff's property was lost upon foreclosure to J. Carrington
Burgess, Revocable Trust, (See the Deed of Foreclosure, Plaintiffs Exhibit 8 of
the Judicial Notice filed May 27, 2014 recorded September 29, 2008). The
Plaintiffs were not a party to the IRS Redemption or Auction.

27. The Defendant claims that the submission of the fraudulent Lost Assignment Affidavit to
the Commissioner of Accounts is not part of the foreclosure for the Plaintiffs to challenge
as to the actions of fraud against the Plaintiffs and yet as noted in Re Trustee's Sale, 4
Cir. No. 1, 67 Va. cir. 204 (2005)**(See the attached case as Exhibit 22)**"A
Commissioner's authority to review an accounting is particularly important in regards to
foreclosure sales, where, because of the impecuniousness of the borrower, he is often
without the means to contest the actions of the trustee. To hold otherwise would ignore
more than a century of accepted probate practice in the commonwealth." and further, "A

defective foreclosure may be void in its entirety, or may be merely voidable, in which a case of court of equity may set it aside. See, Deep v. Rose, 234 Va. 631, 364 S.E.2d 228 (1988).

28. The foreclosure sale was not accepted by the Commissioner of Account as a valid foreclosure. It was only upon submittal of a fraudulent Lost Assignment Affidavit that the Commissioner reluctantly approved the foreclosure, but only after attaching the fraudulent affidavit and claiming the the only way the foreclosure was being approved was based on the document as being true, that MERS was the "owner of the note", when they certainly were not. The Commissioner was frauded by the Defendants and their Agents and the Plaintiffs did find that the foreclosure they knew would need to be invalidated due to the defects as to the foreclosure listed in the Exceptions and Objections filed in the State Court, another active on-going case that remains an "unapproved foreclosure" as of this date. The Plaintiffs could have had their foreclosure invalidated according to law.

29. In fact, with the fraud proven within the Judicial Notices and evidence provided, The United States District Court may in fact give a summary judgment based on the facts that the foreclosure is void ab initio as well as ruling that the Plaintiffs have a Summary Judgment as to all of the damages they have incurred, inclusive of the lost equity, interest, costs, physical and financial damages.

30. At one point in the Defendants Opposition to Plaintiffs Judicial Notice, Defendant claimed that the Plaintiffs used the word "mistake", when we never used the word "mistake". In fact we know that there is no mistake that was made by the Defendants and their Agents or any Counsel as to the fraud that has been perpetuated, not only against the Plaintiffs in the fraudulent conveyance of their home through fraudulent conversion, identity deception

and coverup, nonfeasonance and malfeasance, not following the laws governing the foreclosure such as the FDCPA, misrepresenting dates as to the foreclosure advertising; not supplying the Plaintiffs with notices that state the amount to cure or payoff amount, breaching the Deed of Trust and Note; etc. but further, against the Courts, State Court and Federal Court and further the quasi-judicial officer, the Commissioner of Accounts. This entire fraud that has been conspired by the Defendants and their Counsels in their coverup of initial frauds and fraudulent documents and their motivation to avoid litigation and liability could never be seen as a mistake. The Defendants committed fraud!

31. As the U.S. Supreme Court holds in Karen L. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, et al. April 21, 2010, Justice Sotomayor, writing for the majority, ""that ignorance of the law will not excuse any person, either civilly or criminally." Barlow v. United States, 7 Pet. 404, 411 (1833)(opinion for the Court by Story, J.); see also Cheek v. United States, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system")." And further, ""[A] attorney's ethical duty to advance the interests of his client is limited by an equally solemn duty to comply with the law and standards of professional conduct." Nix v. Whiteside, 475 U.S. 157, 196 (1986). "Lawyers face sanctions, among other things, for suits presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. Rules Civ. Proc. 11(b);" and further, stating within the Opinion, ""Our law is therefore no stranger to the possibility that an act may be "intentional" for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law.""

32. Even in the fraud on the court through identity deception, knowing, without controversy, that JP Morgan is the Lender/Investor/Owner/Noteholder, entitled to the payment on the

Note, the Defendant and their Counsel continued to alude the Court as to their status as to the foreclosure of the Plaintiffs property, and further aluding the Court to believe that GMAC, Homecomings and MERS could actually have been Lenders, as identified by the State Court when JP Morgan and their Counsel surely, without doubt, knew for a fact, that MERS, GMAC and Homecomings were never the Lenders of the Plaintiffs Note and Deed of Trust. This was intentionally a fraud on the Court to decieve the Court into believing that the State Court dismissed "Lenders" from the State Court action when in fact a fraud on the Court had been perpetuated in the State Court to also purposefully allude the Court into a false belief that the entities dismissed were "Lenders". What malice and faud continues is an abomination to the Judicial system.

## MOTION TO ADD TREBLE DAMAGES

And further the Plaintiffs ask the court to award treble damages, as it must be that the Court can clearly see that the perpetuated fraud, inclusive of submission of fraudulent documents, filed with the Court and given to the Court willfully and with intent to decieve the Court and the Plaintiffs have been prevalent in the foreclosure actions by the Defendant and their Agents.

According to Virginia Code 59.1-204. "Individual action for damages or penalty. A. Any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages, or $500, whichever is greater. **If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained,** or $1,000, whichever is greater. ... in addition to any damages awarded, such person also may be awarded reasonable attorneys' fees and court costs.".

And further:

As stated within Amalfitano v. Rosenbert, Court of Appeals, New York, 2009 NY Slip Opionion 01069 [12 NY3d 8] February 12, 2009, "*And be it further enacted . . .* [t]hat if any counsellor, attorney, solicitor, pleader, advocate, proctor, or other, do any manner of deceit or collusion, in any court of justice, or consent unto it in deceit of the court, or to beguile the court or the party, and thereof be convicted, he shall be punished by fine and imprisonment and shall moreover pay to the party grieved, treble damages, and costs of suit" (L 1787, ch 35, § 5).

In 1830, the Legislature carried forward virtually identical language in the Revised Statutes of New York, prescribing that

"[a]ny counsellor, attorney or solicitor, who shall be guilty of any deceit or collusion, or shall consent to any deceit or collusion, with intent to deceive the court or any party, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by fine or imprisonment, or both, at the discretion of the court. He shall also forfeit to the party injured by his deceit or collusion, treble damages, to be{\*\*12 NY3d at 13} recovered in a civil action" (2 Rev Stat of NY, part III, ch III, tit II, art 3, § 69, at 215-216 [2d ed 1836]).

The Legislature later codified this misdemeanor crime and the additional civil forfeiture remedy as section 148 of the Penal Code of 1881, providing that

"[a]n attorney or counselor who . . .

"[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party as prohibited by section 70 of the Code of Civil Procedure; . . .

"[i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by this Code, he forfeits to the party injured treble damages, to be recovered in a civil action" (L 1881, ch 676, § 148 [1]).

Section 70 of the Code of Civil Procedure, cross-referenced in section 148, similarly stated that "[a]n attorney or counsellor, who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the [\*4]court or a party, forfeits, to the party injured by his deceit or collusion, treble damages. He is also guilty of a misdemeanor." The derivation note accompanying section 70 includes the following comment: "As to the meaning of the word, 'deceit', as used in this section, see *Looff* v. *Lawton*, 14 Hun, 588" (Code of Civil Procedure of the State of New York with Notes by Montgomery H. Throop [Weed, Parsons and Company 1881])."

The Plaintiffs submit to the Court that the Defendants have committed a perpetuated Fraud on the Court and a Fraud on the Plaintiffs. The Plaintiffs truly believe that they have a right to have a jury trial as to the foreclosure of their property and the injuries from such wrongful foreclosure and fraudulent actions as well as the fraud on the Court being perpetuated within the pleadings of the Defendants. The Defendant's actions in the case are a Breach of Contract and they have committed Constructive Fraud upon the Plaintiffs and this Fraud on the court, a cover-up and perpetuated fraud. The Plaintiff have not had the opportunity to litigate in any case

as to the foreclosure that occurred on September 2, 2008, this only because of the perpetuated fraud and cover-up of the identity of the Defendants and relation as to the foreclosure so as to hinder the Plaintiffs from obtaining access to Court to have their Complaint heard. According to the Supreme Court of Virginia and the United States, a citizen who has had their property taken without due process, has a right to take the party who has taken their property to be heard before a jury trial. Not only did the Defendant and their Agents take the Plaintiffs property without due process, they have committed fraud in grand measure, not only committing fraud on the Commissioner of Accounts as a quasi-judicial officer, but the State Court and the Federal Court by their perpetuated fraudulent actions and creation and submittal of fraudulent documents. We do request the Court for a Motion for summary Judgment in the amount to be found enumerated within the Complaint, including but not limited to interests and costs and whatever the Court finds to be profitable to the Plaintiffs as to the actions by the Defendants so as to make the Plaintiffs whole. The Plaintiffs further ask that a Declaration be made as to the foreclosure of September 2, 2008 that it must be held void as to the facts presented within the 1st and 2nd Judicial Notice along with the supporting evidence and Complaint.

_____  6/19/14          Stephen and Kimberly Buzzell
Stephen F. Buzzell, pro-se   Dated            P.O. Box 4081
                                              Glen Allen, VA  23058
                                              804-412-8920
_____  6/19/14                   804-454-2730
Kimberly B. Buzzell, pro-se  Dated

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

STEPHEN F. BUZZELL, et al.,
Plaintiffs,

v.          CIVIL ACTION NO 3:13 CV-668-JRS

JP MORGAN CHASE BANK, et al.,
Defendants.

## CERTIFICATE OF SERVICE

We hereby certify that on this 19th day of June, 2014, the foregoing was filed with the

Clerk of the court by hand delivery.

We further certify that on this 19th day of June, 2014, a true and correct copy of the

foregoing documents were served via U.S. mail to the following.

Jason E. Manning
Andrew B. Pittman
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462

Stephen and Kimberly Buzzell, Pro-se
P.O. Box 4081, Glen Allen, VA  23058
804-412-8029  and or 804-454-2730