UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

STEPHEN F. BUZZELL, *et al.*,

                 Plaintiffs,

v.                                       Civil Action No. 3:13–CV–668

JP MORGAN CHASE BANK *et al.*,

                 Defendant.

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on a "Plaintiff's Motion For Reconsideration The Order Entered July 31, 2014" ("Plaintiffs' Motion") (ECF No. 44) by Stephen F. Buzzell and Kimberly B. Buzzell ("Plaintiffs"). Defendant JP Morgan Chase Bank ("JP Morgan" or "Defendant") oppose the Motion. For the reasons stated below, the Motion for Reconsideration will be DENIED.

### I.    PROCEDURAL HISTORY

This matter was removed to this Court on September 30, 2013. The case was stayed as to Defendant Residential Funding Corporation on November 21, 2013. Defendant's Motion for Judgment on the Pleadings was filed on March 24, 2014. Plaintiffs' Opposition was filed on April 14, 2014. Defendant replied on April 21, 2014.

This Court Granted JP Morgan's Motion for Judgment on the Pleadings on April 29, 2014. *Buzzell v. JP Morgan Chase Bank*, No. 3:13-CV-668, 2014 WL 1691361 (E.D. Va. Apr. 29, 2014). Plaintiffs filed an initial Motion for Reconsideration, on May 27, 2014 (ECF NO. 31). Defendant opposed Plaintiffs' first Motion for Reconsideration on June 10, 2014 (ECF No. 36). Plaintiffs then filed a notice of appeal on May 29, 2014 (ECF No. 33) and a second Motion for Reconsideration on June 19 (ECF No. 37). Defendant subsequently opposed Plaintiffs' successive Motion for Reconsideration on July 2, 2014 (ECF 39). On August 11, 2014, Plaintiffs

1

filed a subsequent Motion for Reconsideration The Order Entered July 31, 2014 ("Plaintiffs' Motion") seeking reconsideration of this Court's Order (ECF No. 43) denying Plaintiffs' prior motions to reconsider. Defendant opposed Plaintiffs' instant motion.

## II. LEGAL STANDARD

### A. Rule 59(e)

A Rule 59(e) "motion to alter or amend a judgment must be filed" within 28 days after judgment is entered. Fed.R.Civ.P 59(e). Further, a Rule 59(e) motion is in the Court's discretion and is "'an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). The Fourth Circuit has thus identified only three justifications for granting a Rule 59(e) Motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [prior to the Court's decision]; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Plaintiff cannot simply "ask the Court to rethink what the Court ha[s] already thought through." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). And, "[w]hatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III. DISCUSSION

### A. Plaintiffs' Motion Construed as a Rule 59 Motion

Plaintiffs' Motion is construed as a motion to alter or amend a judgment as allowed under Rule 59(e). Fed. R. Civ. P 59(e). Plaintiff essentially asks this Court to correct errors of law; this is not the type of "mistake" referred to in Rule 60(b) but, instead, falls within the scope of Rule 59(e). *See, e.g.*, *United States Labor Party v. Oremus,* 619 F.2d 683, 687 (7th Cir.1980); *Dove v. Codesco,* 569 F.2d 807, 809 (4th Cir.1978).

### B. Plaintiffs' Motion Inappropriately Uses Rule 59

Plaintiffs have used Rule 59 inappropriately as suggested by their Motion. Plaintiffs are essentially trying to "get a second bit of the apple" because they are seeking reconsideration of their prior motion for reconsideration. Indeed, Plaintiffs have filed a successive motion because they simply repeat the arguments made in the first motion for reconsideration. Unfortunately for Plaintiffs, "Rule 59(e) does not entitle [Plaintiffs] to a second bite at the apple"). *Hanover Ins. Co. v. Corrpro Cos.*, 221 F.R.D. 458, 460 (E.D.Va.2004).

Furthermore, upon due consideration of the *Hutchinson* factors and Plaintiffs' arguments, this Court finds no justification for altering, amending or vacating its July 31, 2014 Order.

### IV. CONCLUSION

Because none of the *Hutchinson* factors are present in this case, the Motion for Reconsideration will be DENIED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Plaintiffs.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this     11th     day of September 2014.