UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

STEPHEN F. BUZZELL, *et al.*,

Plaintiffs,

v.

JP MORGAN CHASE BANK, *et al.*,

Defendants.

Civil Action No. 3:13−CV−668

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant JPMorgan Chase Bank, N.A.'s Motion to Stay Proceeding ("Motion"). ECF No. 57. Plaintiffs filed a response in opposition on August 21, 2015 ("Opp'n Mem."). ECF No. 63. Defendant subsequently filed a reply on August 25, 2015 ("Reply Mem."). ECF No. 65. For the reasons that follow, the Court will GRANT the Motion.

## I.    BACKGROUND

On or about July 1, 2003, Plaintiff Stephen F. Buzzell took out a loan for $288,000 as evidenced by a promissory note ("Note"). Repayment of the Note was secured by the property at 180 Tabbs Choice Road, White Stone, Virginia ("Property") pursuant to a deed of trust ("Deed of Trust"), to which both Plaintiffs are parties. At some point, the Note was transferred to Residential Funding Corporation, who then transferred the Note to Defendant, JP Morgan Chase Bank.

A foreclosure sale was conducted on September 2, 2008, prompting Plaintiffs to file suit in the Circuit Court of Lancaster County ("Lancaster Circuit Court") against GMAC Mortgage, LLC, Homecomings Financial, and MERS (collectively, the "Lenders"); Samuel I. White, PC ("SIW"); and the J. Carrington Burgess Revocable Trust (the "Trust"). In the state court complaint, Plaintiffs alleged claims of "fraud, misrepresentation, and breach of fiduciary duty." The Lancaster Circuit Court granted the Lenders' joint demurrer, as well as the demurrer of

SIW, "but granted Plaintiffs leave to amend their complaint as to SIW only."  Thus, SIW is the sole remaining defendant in this 2008 state court action, which is still currently pending against SIW.

Plaintiffs then filed the instant action in the Lancaster Circuit Court on or around September 1, 2013, alleging similar claims related to the foreclosure of their home. Defendants removed the action to this Court on September 30, 2013.

On April 29, 2014, ruling on JP Morgan's Motion for Judgment on the Pleadings, this Court concluded that Plaintiffs' Complaint was barred on *res judicata* grounds.  *See* ECF Nos. 29, 30.  Plaintiffs filed a Motion for Reconsideration on May 27, 2014, which this Court denied on July 31, 2014.  *See* ECF Nos. 47, 48.  Plaintiffs then appealed this Court's decision to the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit").  On March 10, 2015, the Fourth Circuit vacated this Court's judgment and remanded the case for further proceedings. *See* ECF Nos. 49, 50.  Specifically, the Fourth Circuit "determined that the state court order was not a final order," (ECF No. 49 at 2), because "[t]he action is still proceeding on the Buzzell's claim against Samuel I. White," *id.* at 4.

Defendant filed the instant Motion on August 5, 2015, seeking to stay the instant action pending the resolution of Plaintiffs' 2008 Lancaster Circuit Court action.

## II.  <u>LEGAL STANDARD</u>

It is well established that this Court possesses the inherent power to stay proceedings and to "promote 'economy of time and effort for itself, for counsel and for litigants.'"  *Robinson v. DePuy Orthopaedics, Inc.*, 3:12-CV-3, 2012 WL 831650, at * 2 (W.D. Va. March 6, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "The decision of whether or not to stay a case pending in district court lies within the sound discretion of the court to control its docket, absent a statute removing that discretion."  *Linear Prods. v. Marotech, Inc.*, 189 F. Supp. 2d 461, 463 (W.D. Va. 2002) (internal citations omitted); *see Landis*, 299 U.S. at 254-55. "The party seeking a stay must justify it by clear and convincing circumstances outweighing

potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

In considering a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Yearwood v. Johnson & Johnson*, Civil Action No. RDB–12–1374, 2012 WL 2520865, at *3 (D. Md. June 27, 2012).  Specifically, a district court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, 3:12-CV-2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)).

## III.   **DISCUSSION**

### a.  *Parties' Arguments*

#### i.   *Defendant's Arguments*

First, Defendant argues that all necessary parties are present in both actions as plaintiffs are parties to both action and Defendant is in privity with the Lenders for purposes of *res judicata*.

Next, Defendant argues that staying this action serves the interests of convenience, judicial economy, and comity. Defendant submits that once the state court issues a final order as to SIW, then this Court may swiftly consider a second motion by Defendant on the issue of whether Plaintiffs' claims alleged in this action are barred under *res judicata*.  In other words, disposition of the 2008 state court action will most certainly resolve critical issues raised in the instant action.

Third, Defendant argues that requiring it to continue litigating this action would result in hardship and inequity.  The sole reason the Fourth Circuit vacated this Court's judgment was because a final order had not yet been entered in the 2008 state court action.  Thus, any time and costs expended in proceeding with discovery, dispositive motions and trial will presumably be completed wasted once a final order is entered in the state action.

In sum, Defendant argues that the inevitable issuance of a final order in state court will provide Defendant with the final element of its *res judicata* argument in this action. Therefore, Defendant should not be required to continue litigating this case until that action is resolved.

### ii. *Plaintiffs' Response*

Plaintiffs assert that a stay of the instant action does not serve the interest of convenience, judicial economy, and comity. Rather, Plaintiffs argue, the instant Motion demonstrates another tactic of Defendant's counsel to delay trial. Plaintiffs assert that they suffered significant hardship directly caused by Defendant and insist that Defendant is not a party to the state court action.

### iii. *Defendant's Reply*

Defendant asserts that Plaintiff's position that Defendant is not a party to the state court action is meritless. To support its position, Defendant argues that the Fourth Circuit did not reverse this Court's holding in its July 31, 2014 Memorandum Opinion that "privity is present between JP Morgan and the Lenders in the state court case." Def.'s Opp'n at 1 (citing ECF No. 42). Thus, says Defendant, once a final order is issued in the state court action, this action may be properly dismissed on *res judicata* grounds. Furthermore, Defendant argues that, although the Fourth Circuit remanded the case to this Court "for further proceedings consistent with the court's decision," the Fourth Circuit did not preclude this Court from issuing a brief stay of this case until a final order is entered in the state court action. Persuasively, Defendant argues that Plaintiffs already presented their dispute to the state court, which ultimately dismissed the Lenders from the action. As such, Defendant contends that Plaintiffs should not be permitted to litigate an entirely new case against it solely because the first state court action is not yet final as to the single remaining defendant.

For these reasons, Defendant requests that the Court grant its Motion and enter an Order staying this proceeding pending the issuance of a final order in Plaintiffs' 2008 state court action filed in Lancaster Circuit Court.

### b.   *Analysis*

In considering motions to stay, the Court considers the potential for "inconvenience to a defendant arising from a multiplicity of suits, as well as concern with promoting efficient judicial administration."   *Amdur v. Lizars*, 372 F.3d 103, 107 (4th Cir. 1967).  Disposition of the state court act will most certainly resolve critical issues raised in the instant action.  First, all necessary parties are present in both actions since Defendant is in privity with the Lenders for the purposes of *res judicata*.  Second, although it is somewhat troubling that Plaintiffs' 2008 state court action has been proceeding for seven years in the state court, numerous issues have already been resolved and the state court need only resolve the 2008 action as to SIW, the sole remaining defendant, before issuing a final order.   Thus, a brief stay of this proceeding until the conclusion of the state action is necessary, in order to serve the interests of "judicial economy and comity" and "avoid  the possibility of two separate outcomes" and "the expense of litigating the same issues twice."  *Veteran Eng'g Grp., Inc. v. CSI Eng'g, P.C.*, No. 11-CV-02530-AW, 2011 WL 5826673, at *4 (D. Md. Nov. 17, 2011).  Further, it is clear that hardship and equity to Defendant will result if the action is not stayed.  Requiring Defendant to continue litigating this case will result in significant hardship since the sole reason this Court's decision on Defendant's Motion for Judgment on the Pleadings was reversed by the Fourth Circuit was because a final order has not yet been entered in the state court action.  Thus, as Defendant argues, any time and costs expended in proceeding with discovery, dispositive motions, and trial will presumably be wasted once a final order is entered in the 2008 state court action; allowing Plaintiffs a second bite at the apply by permitting this case to proceed simultaneously with the state court action would be unfair to Defendant.

### IV.   <u>CONCLUSION</u>

For the aforementioned reasons, the Court hereby GRANTS Defendant's Motion.  ECF No. 57.  The Court will lift the stay upon notice by the parties that the state court action has been resolved.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Plaintiffs.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __9th____ day of September 2015.